### WRIGHT et al. v. WRIGHT et al.

*Lumpkin, J.*—A testator devised to his wife during her widowhood, with remainder to their four children, a tract of land. One of the latter died after the testator, leaving his widowed mother and the other three children as his only heirs at law. Two of these three, while the widow was in life and in possession of the land, signed exactly similar instruments, each of which purported to have been executed upon a valuable consideration, and the material parts of which were as follows: "I . . have this day relinquished all my right, interest and title vested in me by virtue of a right vested in me by my father, N. K. Wright, deceased, to Robert J. Wright, to a tract of land whereon S. A. Wright [the widow] now lives, known as the N. K. Wright dec'd land, all my interest and title that I have or may have, into the hands of R. J. Wright." After the death of the widow, the grantee sought to recover from each of the grantors

an undivided one third of the land described. *Held*, that while these instruments were in effect deeds, and operated to convey to the grantee therein an undivided interest in the land, this interest could not amount to an undivided one third of the entire tract, even if it was the intention of each grantor to pass all his interest in the land to the grantee. Each grantor took by the devise under the will an undivided one fourth of the land, and by inheritance from the deceased codevisee an undivided one sixteenth thereof, with the right to possession upon the death or marriage of the testator's widow, and the sum of these fractions, five sixteenths (which is less than one third), represented the whole of each grantor's remainder interest in the land at the time the above mentioned instruments were executed. The interests which each subsequently inherited from their mother upon her decease did not pass under these instruments.                              *Judgment reversed.*

August 24, 1896.

Equitable petition. Before Judge Kimsey. Hall superior court. January term, 1896.

*H. H. Dean*, for plaintiffs in error.
*Perry & Craig, F. M. Johnson* and *J. B. Estes*, contra.