SEGARRA, PLAINTIFF AND APPELLANT, *v.* SANTIAGO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action to Recover Common Property.

No. 2243.—Decided July 29, 1921.

COMMON PROPERTY—CONVEYANCE—FUTURE RIGHTS.—The conveyance of all of the interest or title that a person has or may have in a certain property does not include an interest acquired thereafter by the grantor. Thus, a clause in a deed whereby A and B grant, renounce and transfer forever to C all of the rights and interests which they *had, have* or *may have* for any consideration, title or reason in a certain property acquired by the grantee, they waiving likewise all claim, either private or judicial, to the said rights whatever they may be, can not be made to include rights acquired thereafter by the grantors from a person who could convey them, such construction being forbidden by section 1250 of the Civil Code.

The facts are stated in the opinion.

*Messrs. José A.* and *Alberto S. Poventud* for the appellant.

*Messrs. J. Tous Soto, A. Ortiz Toro* and *T. Castillo* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by the plaintiff, José Policarpo Segarra Bonilla, from a judgment of the District Court of Ponce dismissing the action of ejectment brought by him in the said court on October 8, 1917, against José Santiago Martínez and Francisco María Franceschi Gregory.

The facts of the case are as follows:

At the time of her death on May 11, 1889, Ramona Bonilla was the owner of a certain rural property called Yaní, which

is described in the complaint, and a partition of her estate having been made and approved by the court on December 19 of the same year, the said property was valued at 1,700 *pesos* and allotted to her heirs as follows: To each of her sons Carlos, Hipólito Aniceto and José Policarpo Segarra Bonilla, the plaintiff, a joint interest of 505.62½ *pesos* and to her daughter María Francisca Belén a joint interest of 183.12½ *pesos,* totaling the said value of 1,700 *pesos.* This partition was recorded in the Registry of Property of Ponce.

By a deed of June 5, 1902, also recorded in the registry, Nereo Pirazzi acquired the interest of Hipólito Aniceto.

In 1905 the property was sold at public auction for delinquent taxes due to the Treasury of Porto Rico, but the proceedings leading up to the said sale were brought against the heirs of Severo Segarra and not against the said heirs of Ramona Bonilla, no notice of the sale having been given to them or to any person in their names. The purchaser of the property was Domingo Rinaldi, in whose name it was recorded in the registry.

The same property was again sold at public auction in 1911 as belonging to Rinaldi and was purchased by Nereo Pirazzi, in whose name it was recorded in the registry.

By a deed executed in December of 1912 Nereo Pirazzi sold the said property to Juan José Caraballo for the sum of $3,000, the grantee paying $500 in cash and creating a voluntary mortgage on the property in favor of Pirazzi for the remaining $2,500, and the sale and mortgage were recorded in the registry.

By a deed of September 6, 1913, recorded in the registry, Nereo Pirazzi assigned the mortgage to Francisco María Franceschi Gregory.

By a deed of June 16, 1915, Juan José Caraballo sold the property to Lorenzo Salicetti and by a deed of December 31, 1915, he and his wife, Teresa Vázquez, sold it to José Santiago Martínez, who assumed the obligation of the mort-

gage and is now in possession of the property. The sales made by Caraballo to Salicetti and by Salicetti to Martínez were not recorded in the registry.

By a deed of May 10, 1917, the plaintiff, José Policarpo Segarra Bonilla, acquired from Salvador Segarra the joint interest of 505.62½ *pesos* which had been allotted to the latter's father, Carlos Segarra, deceased, and by another deed of May 31 of the same year he also acquired from María Francisca Belén her joint interest of 183.12½ *pesos,* his interest in the property then representing 1,194.37¼ *pesos* and consisting of the share allotted to him in the partition of the estate of his deceased mother, Ramona Bonilla, and the two other shares later acquired by public instruments.

In view of these facts, which were set forth in a verified complaint, the plaintiff prays that in due course of law judgment be entered as follows:

(*a*) That the plaintiff is the owner in fee of an undivided interest in the property described in the complaint representing $1,194.37¼ of the $1,700 at which the property was appraised * * * which the defendants shall place at the disposal of the plaintiff.

(*b*) That the assessments, levies and sales at public auction of the whole of the property in question, the sale by Nereo Pirazzi to Juan José Caraballo, the mortgage still existing in favor of Francisco María Franceschi, the sale by Juan José Caraballo to Lorenzo Salicetti, the sale by Salicetti to José Santiago y Martínez and all the records and entries made in the registry with regard to the property are null and void in so far as they affect or may affect the rights of the plaintiff.

(*c*) That defendant José Santiago Martínez pay to the plaintiff the sum of $5,000 for the fruits, rents and profits received by him from the said property belonging to the plaintiff.

(*d*) That the defendants who may plead to the complaint pay the costs, expenses, disbursements and attorney fees.

Defendants José Santiago Martínez and Francisco María Franceschi demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action and the demurrer was overruled in October of 1920.

On motion of defendant José Santiago Martínez it was ordered that the vendors and former owners of the property, Lorenzo Salicetti and his wife, Teresa Vázquez, Juan José Caraballo and Nereo Pirazzi, be summoned as warrantors.

José Santiago Martínez, Francisco María Franceschi and Nereo Pirazzi answered the complaint and without denying the facts alleged therein set up as new matter the following:

"By public deed No. 71 of October 3, 1913, executed before notary José Tous Soto, María Francisca Belén and José Policarpo Segarra y Bonilla, the plaintiff, assigned and transferred, in consideration of the sum of $250 paid at the time by the assignee, to Nereo Pirazzi y Maffiola all of the rights and interests 'which they had, have or may have' for any consideration, title or reason in the rural property described in the complaint, waiving all claim to the said rights, whatever they may be, and ratified in the said deed all of the previous transfers of the said property made at public auction by The People of Porto Rico for the collection of taxes and confirmed and approved such sales, whatever defects may appear in the procedure, the purpose of the said deed being, as stated therein, to clear the title of Pirazzi from any defect or flaw."

The case went to trial on the complaint and answer and the court entered judgment on April 30, 1920, dismissing the complaint in all its parts and imposing upon the plaintiff the costs, expenses, disbursements and fees of the attorney for the defendants. In his opinion the trial judge says that the issue had become limited to the interest that the plaintiff acquired from Salvador Segarra, the son and heir of Carlos Segarra Bonilla, inasmuch as in open court at the commencement of the trial the plaintiff abandoned his claim

as to the other interests, and on that issue the judge expressed himself as follows:

"The only question is whether José Policarpo Segarra, the plaintiff, can assert the title acquired by him from his nephew Salvador as against Nereo Pirazzi and his successors in interest, notwithstanding the existence of deed No. 71 of October 3, 1913, * * *.

"The court is of the opinion that the plaintiff, José Policarpo Segarra, is estopped from attacking the said title, inasmuch as the deed of October 3, 1913, not only acknowledges the dominion title of Pirazzi to the property, but also expressly ratifies the public sale by which Pirazzi became the owner.

"The court understands that the renunciation of past, present and future rights made by José Policarpo Segarra y Bonilla in the said deed defeats his action in this case, because, according to a rule of equity, 'a title subsequently acquired by a grantor inures to the benefit of the grantee.' (See 2 Jones on Evidence, Blue Book, Section 282; 2 Ruling Case Law 632, sec. 41, under 'Assignments.')

"Equity can not permit a grantee (sic), after the grant without any limitation, to purchase an action in order to destroy or attack the title admitted and recognized by him in his grantee."

The appellant alleges that the court erred in holding that there is an estoppel against him, and consequently erred in rendering the judgment appealed from.

In order to decide the question of law submitted to us it will be well to transcribe the pertinent portion of the deed of October 3, 1913, which was introduced in evidence by the defendants and on which they solely base their opposition to the complaint.

The said deed was executed by María Francisca Belén and José Policarpo Segarra Bonilla of one part and Nereo Pirazzi of the other, and the parties stated therein that Nereo Pirazzi is the lawful owner in fee of the property in question. Then follows a description of the property as given in the complaint. It mentions Pirazzi's title by purchase from the Collector of Internal Revenue of Ponce at a sale

for the collection of delinquent taxes from Domingo Rinaldi, and then the following is set forth:

"That inasmuch as the parties named Segarra y Bonilla were formerly co-owners of the said property and by not promptly paying the taxes gave occasion for its sale at public auction to the said Domingo Rinaldi, and all the parties wishing to clear the dominion title to the property now held by Pirazzi, the said former joint owners renouncing all the rights and interests that they may have in the said property, they all enter into this contract under the following terms:

"First: María Francisca Belén and José Policarpo Segarra Bonilla grant, renounce and transfer forever to Nereo Pirazzi y Maffiola all of the rights and interests which they had, have or may have for any consideration, title or reason in the rural property which has been described in this deed, subrogating the grantee in the stead, place and preference of the grantors without any limitation whatever, waiving likewise all claim, either private or judicial, to the said rights, whatever they may be. Second: The consideration for this grant is the sum of two hundred and fifty dollars which the grantee, Pirazzi, delivers during the execution of this deed to the said grantors in American bank notes of legal tender which, having been counted and found to be complete, the said grantors divide between them in the proportion of one hundred twenty-five dollars each and for which they hereby give the grantee a valid receipt, all of this in my presence and that of the instrumental witnesses. Third: It is expressly agreed that by virtue of this grant a ratification is made of the former conveyances of this property, to have full force and effect as regards the interests of the said grantors which were sold at public auction by The People of Porto Rico through its authorized agents for the payment of taxes, and that if any defect should exist in the proceedings leading up to the said sales, they are hereby waived and considered as good, correct and lawful as if made in strict compliance with the law. Fourth: Each of the parties, in so far as concerned, accepts the present deed in all its parts, it being in accordance with what had been agreed upon."

It is a fact beyond discussion that by a public deed of May 10, 1917, admitted in evidence at the trial, Salvador

Segarra granted and transferred to José Policarpo Segarra Bonilla all the rights and interests that he had as intestate heir of his father, Carlos B. Segarra y Bonilla, in the rural property in question, for the sum of $90, subrogating his grantee to all of his rights and transmitting to him at the same time any right which as such heir of his said father he might have, without any limitation whatever.

And now it is well to ask, is the plaintiff, José Policarpo Segarra, as the present successor in interest of his brother, Carlos B. Segarra y Bonilla, by virtue of the deed of May 10, 1917, estopped from recovering the interests of his said brother in the property in question because he and his sister, María Francisca Belén, executed to Nereo Pirazzi the deed of October 3, 1913, whose principal clauses have been transcribed? In order to answer this question we must consider whether by the deed of October 3, 1913, José Policarpo Segarra y Bonilla transferred to Nereo Pirazzi the rights and interests which he acquired from his nephew, Salvador Segarra, by the deed of May 10, 1917.

Section 1248 of the Civil Code reads as follows:

"Sec. 1248.—If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.

"If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail."

According to the language of the first clause of the deed of October 3, 1913, José Policarpo, the plaintiff, and María Francisca Belén Segarra y Bonilla grant, renounce and transfer to Nereo Pirazzi all of the rights and interests which they had, have or may have for any consideration, title or reason in the rural property called Yaní.

We understand that "had" refers to the past, "have" to the present and "had" and "have" together to certain rights which José Policarpo and María Francisca Belén Segarra

y Bonilla had and have in the Yaní property. The words "may have" refers also to the present, but in relation to uncertain and eventual rights in the same property and not in relation to future rights, for if that had been the intention of the grantors they would have expressed it by adding after the words "may have" the word "hereafter" or the words "in the future." The clause under discussion can not be made to include rights which José Policarpo and his sister María Francisca Belén Segarra might acquire thereafter.

"A transfer of all the interest and title which a person has or may have in a certain property does not include an interest subsequently acquired by the grantor." *Wright* v. *Wright,* 99 Ga. 324, 25 S. E. 673.

But if there should still be any doubt about the meaning of the words used, it would be dispelled by the application of section 1252 of the Civil Code, as follows:

"The stipulations of a contract should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together."

The context of the deed of October 3, 1913, shows that the parties intended to contract for the freehold interests of the grantors and the grant must be limited to such interests, for they could not contract for the interests of other coowners, as they expressly stated in the third clause that "by virtue of this grant a ratification is made of the former conveyances of this property, to have full force and effect as regards the interests of the said grantors." No ratification was made as to the interests which other co-owners might have, and that was not possible, because José Policarpo and his sister María Francisca Belén Segarra could contract for their own rights, but not for those of other co-owners.

In further support of our theory we cite section 1250 of the Civil Code, as follows:

"Sec. 1250.—However general the terms of the contract may be, there should not be understood as included therein things and cases different from those with regard to which the persons interested intended to contract."

We have already said that José Policarpo and María Francisca Belén Segarra intended to contract regarding their rights in the shares belonging to them and not regarding the rights of Carlos Segarra, which they could not do, and it is therefore clear that the interests of Carlos Segarra had nothing to do with the contract, *i. e.,* the deed of October 3, 1913, those interests not being in the minds of the contracting parties, inasmuch as José Policarpo Segarra did not acquire them until four years thereafter. Nor can it be maintained to the contrary that the intention of the grantors in the deed of October 3, 1913, was to clear the ownership title of Pirazzi to the property by thus renouncing all the rights and interests which they had or might have in the future in the property and waiving also all claim, either private or judicial, to the said rights, whatever they might be, for the general character of the language is limited by the fact that only José Policarpo and his sister María Francisca Belén Segarra made the renunciation under the terms expressed in the first clause of the deed, and they expressly referred to the interests belonging to them. When the intention of a general provision and that of a particular one are inconsistent, the latter is paramount to the former, according to section 27 of the Law of Evidence.

For the foregoing reasons we must arrive at the conclusion that the rights and interests of Carlos Segarra in the Yaní property, acquired by José Policarpo Segarra by the deed of May 10, 1917, were not included in the deed executed by José Policarpo and his sister María Francisca.

Belén Segarra on October 3, 1913, and therefore that the plaintiff, José Policarpo Segarra, is not estopped from recovering the interest of Salvador Segarra in the Yaní property as an heir of his father, Carlos Segarra, which was conveyed by Salvador Segarra to his uncle, José Policarpo Segarra, the plaintiff, for a valuable consideration, the court below having, therefore, committed the error assigned by the appellant.

The judgment appealed from must be reversed and substituted by another to the effect that the plaintiff, José Policarpo Segarra Bonilla, is the owner of an undivided interest of 505.62½ *pesos* in the Yaní property described in the complaint, the said interest having been allotted to his brother, Carlos Segarra Bonilla, in the division of the estate of their deceased mother, Ramona Bonilla, and being at present in the possession of defendant José Santiago Martínez; and that all the levies, assesments and sales at public auction of the whole of the said property, the sale by Nereo Pirazzi to Juan José Caraballo, the mortgage in favor of Francisco María Franceschi, the sale by Juan José Caraballo to Lorenzo Salicetti and the sale by Salicetti to José Santiago y Martínez are all null and void with regard to the said interest, as are also all of the entries and records arising from the said acts in the registry of property in connection with the said property, but only as regards the joint interest recognized in the plaintiff, José Policarpo Segarra, the judgment being without special imposition of costs, expenses, disbursements and attorney fees.

*Reversed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.