SEGARRA, DEMANDANTE Y APELANTE, *v.* SANTIAGO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reclamación de condominios.

No. 2243.—Resuelto en julio 29, 1921.

REIVINDICACIÓN DE CONDOMINIO—CESIÓN DE DERECHOS ACTUALES PERO NO FUTUROS.—El traspaso de todo el interés o título que una persona tiene o pueda tener sobre cierta propiedad no comprende un interés adquirido más tarde por el cedente. Así, pues, una cláusula escrituraria en la cual A y B ceden, renuncian y traspasan con enajenación perpetua a favor de C todos los derechos y acciones que aquéllos *tuvieron, tienen o puedan tener* por cualquier causa, título o motivo sobre cierta finca adquirida por el cesionario, renunciando asimismo aquéllos toda reclamación tanto privada como judicial sobre dichos derechos sean éstos cuales fueren, no puede hacerse extensiva a derechos que posteriormente adquirieran los cedentes de quien podía transmitírselos, por impedir tal interpretación el artículo 1250 del Código Civil.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José A. Poventud* y *Alberto S. Poventud.*

Abogados de los apelados: *Sres. J. Tous Soto, A. Ortiz Toro* y *T. Castillo.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante José Policarpo Segarra Bonilla contra sentencia que pronunció la Corte de Distrito de Ponce declarando sin lugar la demanda radicada en dicha corte el día 8 de octubre de 1917 contra los demandados José Santiago Martínez y Francisco María Franceschi Gregory sobre reclamación de condominio y otros extremos.

Los hechos del caso son los siguientes:

Ramona Bonilla, al fallecer en 11 de mayo de 1889, era dueña de cierta finca rústica denominada "Yaní" que se describe en la demanda, y practicada la divisoria de sus bienes con aprobación judicial recaída en 19 de diciembre del mismo año, fué valorada dicha finca en 1,700 pesos, adjudicándose a cada uno de sus hijos herederos Carlos, Hipólito Aniceto y José Policarpo Segarra Bonilla, el demandante, una participación en ella igual a 505.62 4/8 pesos y a su otra hija también heredera, María Francisca Belén, otra participación igual a 183.12 4/8 pesos, cuyas participaciones daban el valor total expresado de 1,700 pesos, y fueron inscritas en el Registro de la Propiedad de Ponce.

Por escritura de 5 de junio de 1902, también inscrita en el registro, Nereo Pirazzi adquirió la participación del heredero Hipólito Aniceto.

Fué subastada la finca en 1905 para pago de contribuciones al Tesoro de Puerto Rico mediante procedimiento de apremio, no contra los herederos mencionados de Ramona Bonilla sino contra la Sucesión de Severo Segarra, adjudicándose a Domingo Rinaldi, sin que se diera aviso de la

subasta a los herederos de la Bonilla ni a persona alguna a nombre de ellos, e inscribiéndose a su favor en el registro.

Se subastó nuevamente la misma finca como de la propiedad de Rinaldi en 1911 y fué adjudicada a Nereo Pirazzi, a cuyo favor fué inscrita en el registro.

Nereo Pirazzi, por escritura otorgada en diciembre de 1912, vendió la repetida finca a Juan José Caraballo por el precio de $3,000 de los cuales pagó el comprador la suma de $500 y constituyó hipoteca voluntaria a favor de Pirazzi por el resto de los $2,500, cuya venta e hipoteca fueron inscritas en el registro.

Nereo Pirazzi cedió por escritura de 6 de septiembre de 1913, inscrita en el registro, el crédito hipotecario a Francisco María Franceschi Gregory.

Juan José Caraballo, por escritura de junio 16 de 1915 vendió la finca a Lorenzo Salicetti, y éste, acompañado de su esposa Teresa Vázquez, la vendió a José Santiago Martínez por escritura de 31 de diciembre de 1915, haciéndose cargo del pago de la hipoteca que sobre ella pesaba, siendo José Santiago Martínez el actual poseedor de la finca. Esas dos ventas no fueron inscritas en el registro.

El demandante José Policarpo Segarra Bonilla por escritura de 10 de mayo de 1917 adquirió de Salvador Segarra la participación de 505.62 4/8 pesos que había sido adjudicada a su padre Carlos Segarra ya fallecido, y por otra escritura de 31 de mayo citado adquirió también de María Francisca Belén la participación de ésta consistente en 183.12 4/8 pesos, teniendo así en la finca una participación igual a 1,194.37 ¼ pesos constituída por la participación que le había sido adjudicada en la divisoria de los bienes de su difunta madre Ramona Bonilla y por las otras dos participaciones últimamente adquiridas por escrituras públicas.

En vista de los hechos que se dejan expuestos, alegados en demanda jurada, el demandante solicita que previos los trámites legales se dicte sentencia declarando:

(*a*) Que el demandante es dueño en pleno dominio de una partici-
pación indivisa en la finca descrita en la demanda equivalente a
$1,194.37 ¼ en el valor de $1,700 en que fué tasada dicha finca * * *
cuyo condominio deben poner los demandados a la disposición del
demandante.

(*b*) Nulas y sin ningún valor ni efecto legal en cuanto afectan o
puedan afectar los derechos del demandante las tasaciones, embargos
y ventas en pública subasta de la totalidad de la finca en cuestión,
la venta de Nereo Pirazzi a Juan José Caraballo, la hipoteca existente
hoy a favor de Francisco María Franceschi, la venta de Juan José
Caraballo a Lorenzo Salicetti y la venta de Salicetti a José Santiago
y Martínez; y se declaren nulas asimismo todas las anotaciones e
inscripciones verificadas en el registro de la propiedad con respecto
a la finca.

(*c*) Que el demandado José Santiago Martínez debe satisfacer al
demandante la suma de $5,000 por concepto de frutos, rentas, bene-
ficios y utilidades correspondientes a los expresados condominios del
demandante y

(*d*) Que se condene igualmente a los demandados que se opusie-
ren, al pago de las costas y gastos, desembolsos y honorarios de
abogado.

Los demandados José Santiago Martínez y Francisco Ma-
ría Franceschi opusieron a la demanda la excepción previa
de que los hechos alegados no constituían una causa de acción
y esa excepción fué declarada sin lugar por orden de octubre
de 1920.

A instancia del demandado José Santiago Martínez se
dispuso se citara de evicción a los vendedores y anteriores
dueños de la finca Lorenzo Salicetti y su esposa Teresa Váz-
quez, Juan José Caraballo y Nereo Pirazzi.

Formularon contestación a la demanda José Santiago
Martínez, Francisco María Franceschi y Nereo Pirazzi, y sin
contradecir los hechos alegados en la demanda hicieron como
materia nueva la siguiente alegación:

"Por escritura pública No. 71 de 3 de octubre de 1913 ante el
Notario José Tous Soto, doña María Francisca Belén y don José Poli-
carpo Segarra y Bonilla (el demandante) cedieron y traspasaron, en
consideración a la suma de $250 pagada en el acto por el cesionario,

a Nereo Pirazzi y Maffiola, todos los derechos y acciones 'que tuvieran, tienen o puedan tener' por cualquier causa, título o motivo sobre la finca rústica descrita en la demanda, renunciando a toda reclamación sobre dichos derechos, sean éstos cuales fueren: ratificando asimismo en dicha escritura todos los anteriores traspasos de dicha finca llevados a cabo por remates públicos celebrados por El Pueblo de Puerto Rico para el cobro de contribuciones y convalidando y dando por buenos tales remates cualesquiera que fuesen sus defectos de tramitación; siendo el propósito de dicha escritura, según en ella se expresó, purificar de cualquier vicio o defecto el título del señor Pirazzi."

Bajo las alegaciones de la demanda y de la contestación vinieron las partes al juicio y celebrado éste la corte dictó sentencia en 30 de abril de 1920 por la que declaró sin lugar en todas sus partes la demanda, condenando al demandante en las costas, gastos, desembolsos del pleito y honorarios de abogado de los demandados. · El juez en su opinión hace constar que la cuestión litigiosa había quedado limitada al condominio que el demandante adquirió de Salvador Segarra, hijo y heredero de Carlos Segarra Bonilla, pues el demandante en corte abierta y al empezarse la vista del caso desistió de su reclamación en cuanto a los demás condominios, y sobre esa cuestión litigiosa se expresa en los siguientes términos:

"La cuestión única a resolver es si puede invocar José Policarpo Segarra, el demandante, contra Nereo Pirazzi y los causahabientes de éste, el título adquirido de su sobrino Salvador, a pesar de existir la escritura No. 71 de 3 de octubre de 1913.

"La corte entiende que el demandante, José Policarpo Segarra está impedido, pues existe contra él un *estoppel* para oponerse a dicho título, toda vez que de la escritura de 3 de octubre de 1913 aparece, no sólo un reconocimiento del título de dominio de Pirazzi sobre la finca, sino también una ratificación expresa de la subasta por la cual Pirazzi llegó a ser dueño.

"La corte entiende que la renuncia de derechos pasados, presentes y futuros hecha por José Policarpo Segarra y Bonilla en la escritura tantas veces mencionada impide prosperar su demanda en este caso, porque de acuerdo con un principio de equidad 'el título adquirido

posteriormente por el cedente, cede o acrece en beneficio del cesionario.' (Véase Jones on Evidence, Blue Book, Sección 282; y véase 2, Ruling Case Law, Sección 41 (*assignments*), página 632).

"La equidad no puede permitir al cesionario, después de una cesión, sin limitación alguna, comprar un pleito para destruir o impugnar el título reconocido y constatado por él mismo, a su cesionario.''

La parte apelante alega como motivo del recurso que la corte cometió error al estimar que existe un *estoppel* en contra suya y en su consecuencia también erró al dictar la sentencia apelada.

Para resolver la cuestión legal sometida a nuestra consideración conviene que transcribamos en la parte conducente la escritura de 3 de octubre de 1913, traída al juicio como prueba por los demandados, en cuya escritura fundan éstos únicamente su oposición a la demanda.

Dicha escritura fué otorgada por María Francisca Belén y José Policarpo Segarra Bonilla de una parte, y Nereo Pirazzi de otra, y en ella expresan los otorgantes que el compareciente Nereo Pirazzi es legítimo dueño en pleno dominio de la finca de que se trata. Sigue la descripción de la finca según se hace en la demanda. Contiene después la mención del título de Pirazzi por compra al Colector de Rentas Internas de Ponce para el cobro de contribuciones al contribuyente moroso Domingo Rinaldi y después se consigna el siguiente hecho:

"Que como quiera que los comparecientes de apellido Segarra y Bonilla fueron anteriores condueños en la propiedad de dicha finca, quiénes también fueron morosos en el pago de contribuciones y dieron lugar a que se vendiese en pública subasta, comprándola entonces el referido don Domingo Rinaldi; y deseando los comparecientes todos que se purifique el título de dominio pleno sobre dicha finca de que disfruta hoy el señor Pirazzi, renunciando dichos anteriores condueños todo derecho y acción que pudieran tener sobre dicho inmueble llevan a cabo el contrato bajo las cláusulas siguientes:''

Esas cláusulas dicen así:

"Primera: Los comparecientes doña María Francisca Belén y don José Policarpo Segarra y Bonilla ceden, renuncian y traspasan con enajenación perpetua, a favor de don Nereo Pirazzi y Maffiola todos los derechos y acciones que aquéllos tuvieron, tienen o puedan tener por cualquier causa, título o motivo sobre la finca rústica que ha sido descrita en esta escritura subrogando al cesionario en el lugar, grado y prelación de los cedentes sin limitación alguna, renunciando asimismo aquéllos toda reclamación tanto privada como judicial sobre dichos derechos sean éstos cuales fueren.

"Segunda: Constituye el precio importe de esta cesión la suma de doscientos cincuenta dollars que el cesionario señor Pirazzi en este acto entrega a dichos cedentes en billetes de banco americanos de curso legal que contados y resultando exactos los pasan dichos cedentes a su poder en la proporción de ciento veinte y cinco dollars para cada uno y conformes otorgan el más eficaz recibo de dicha suma todo ello a mi presencia y la de los testigos instrumentales.

"Tercera: Queda expresamente convenido que por virtud de esta cesión quedan ratificados en todo su vigor y efecto los anteriores traspasos de esta firma, en cuanto a las participaciones de dichos cedentes se refiere llevados a cabo en remates públicos celebrados por El Pueblo de Puerto Rico por medio de sus autorizados agentes para el pago de contribuciones y que si algún defecto hubiese en la tramitación de aquellos embargos y remates se convalidan por la presente y se dan por buenos, exactos y legales como si se hubiesen ajustado exactamente al estatuto que regula la materia.

"Cuarto: Cada parte en lo que le atañe acepta la presente escritura en todas sus partes por ser conforme a lo convenido."

Es un hecho fuera de discusión que por escritura de 10 de mayo de 1917 aportada al juicio como prueba, Salvador Segarra cede, renuncia y traspasa a favor de José Policarpo Segarra Bonilla todos los derechos y acciones que tiene y le corresponden como heredero abintestato de su padre Carlos B. Segarra y Bonilla en la finca rústica de que se trata por precio de $90 subrogando en su lugar todo derecho y transmitiéndole a la vez cualquier acción o derecho que como tal heredero de su referido padre pueda corresponderle sin restricción ni limitación alguna.

Y cabe ahora preguntar ¿está impedido el demandante

José Policarpo Segarra como causahabiente actual de los
derechos de su hermano Carlos B. Segarra y Bonilla, en vir-
tud de la escritura de 10 de mayo de 1917, de reclamar los
derechos de su referido hermano en la finca de que se trata
por haber otorgado él y su hermana María Francisca Belén
a favor de Nereo Pirazzi la escritura de 3 de octubre de
1913, cuyas cláusulas principales dejamos transcritas? Para
dar contestación a la anterior pregunta debemos considerar
y resolver si mediante la escritura de 3 de octubre de 1913
José Policarpo Segarra y Bonilla traspasó a favor de Nereo
Pirazzi los derechos y acciones que aquél adquirió de su so-
brino Salvador Segarra por escritura de 10 de mayo de 1917.

El artículo 1248 del Código Civil dice así:

"Artículo 1248.—Si los términos de un contrato son claros y no
dejan duda sobre la intención de los contratantes, se estará al sentido
literal de sus cláusulas.

"Si las palabras parecieren contrarias a la intención evidente de
los contratantes, prevalecerá ésta sobre aquéllas."

Según el texto literal de la cláusula primera de la escri-
tura de 3 de octubre de 1913, los hermanos José Policarpo,
que es el demandante, y María Francisca Belén Segarra y
Bonilla, ceden, renuncian y traspasan a Nereo Pirazzi, todos
los derechos y acciones que aquéllos tuvieron, tienen o pue-
den tener por cualquier causa, título o motivo sobre la finca
rústica "Yaní."

Entendemos que *tuvieron* revela un tiempo pasado, y
*tienen* un tiempo presente, y que ambas palabras, *tuvieron*
y *tienen* se refieren a derechos ciertos que tuvieron y tienen
los hermanos José Policarpo y María Francisca Belén Se-
garra y Bonilla sobre la finca "Yaní." Las palabras *puedan
tener* muestran también un tiempo presente, pero con rela-
ción a derechos inciertos y eventuales sobre la misma finca
y no con relación a derechos futuros, pues si tal hubiera sido
la intención de los cedentes, la hubieran expresado añadiendo
al concepto *puedan tener* las palabras *en lo sucesivo o en el*

*futuro.* La cláusula que examinamos no puede hacerse extensiva a derechos que posteriormente adquirieran José Policarpo y su hermana María Francisca Belén Segarra.

"El traspaso de todo el interés o título que una persona tiene o pueda tener sobre cierta propiedad no comprende un interés subsiguiente adquirido por el cedente." *Wright* v. *Wright,* 99 Ga. 324 25 S. E. 673.

Pero si alguna duda pudiera ofrecer el sentido de la fraseología empleada, esa duda se desvanecería mediante aplicación del artículo 1252 del código citado, que dice así:

"Las cláusulas de los contratos deberán interpretarse las unas por las otras, atribuyendo a las dudosas el sentido que resulte del conjunto de todas."

El contenido de la escritura de 3 de octubre de 1913 revela que las partes se propusieron contratar sobre las participaciones dominicales de los cedentes y a esas participaciones debe contraerse la cesión de derechos y acciones pues ellas no podían contratar sobre derechos de otros condueños, como así lo dicen por modo expreso al consignar en la cláusula tercera que "por virtud de la cesión quedan ratificados en todo su vigor y efecto los anteriores traspasos de la finca en cuanto a las participaciones que a los cedentes se refieren." No se hace ratificación alguna en cuanto a las participaciones que a otros condueños pudieran pertenecer ni tampoco era posible hacerla pues José Policarpo y su hermana María Francisca Belén Segarra podían contratar sobre derechos propios, pero no sobre derechos de otros condueños.

Viene en apoyo de nuestra teoría el artículo 1250 del propio Código Civil, que dice así:

"Artículo 1250.—Cualquiera que sea la generalidad de los términos de un contrato, no deberán entenderse comprendidos en él cosas distintas y casos diferentes de aquéllos sobre que los interesados se propusieron contratar."

Ya hemos dicho antes que José Policarpo y María Francisca Belén Segarra se propusieron contratar sobre sus derechos en cuanto a las participaciones dominicales a ellos correspondientes y no sobre los derechos de Carlos Segarra, lo que tampoco podían hacer, y en su consecuencia es claro que los derechos de Carlos Segarra para nada figuraron ni tenían que figurar en el contrato, o sea en la escritura de 3 de octubre de 1913 estando como estaban esos derechos fuera de la mente de los contratantes por haberlos adquirido José Policarpo Segarra cuatro años después. Ni cabe sostener en contrario que el deseo de los cedentes en la escritura de 3 de octubre de 1913 fué purificar el título de dominio pleno sobre la finca, de que disfrutaba Pirazzi, renunciando así todos los derechos y acciones que tuvieran o pudieran tener en lo futuro o en lo sucesivo sobre la finca y renunciando además toda reclamación tanto privada como judicial sobre dichos derechos, sean éstos cuales fueren, pues la generalidad de esos conceptos está limitada por el hecho de que sólo José Policarpo y su hermana María Francisca Belén Segarra, son los que hacen la renuncia en los términos que expresa la cláusula primera de la escritura y por modo expreso se refieren a las participaciones a ellos correspondientes. Cuando la intención de una disposición general y la de otra particular resultaren incompatibles, ésta prevalecerá sobre aquélla según el artículo 27 de la Ley de Evidencia.

En vista de las razones expuestas tenemos que llegar a la conclusión de que los derechos y acciones de Carlos Segarra sobre la finca "Yaní" adquiridos por José Policarpo Segarra mediante la escritura de 10 de mayo de 1917 no estaban comprendidos en la escritura de cesión de derechos y acciones otorgada a favor de José Policarpo y su hermana María Francisca Belén Segarra en 3 de octubre de 1913 y que por tanto el demandante José Policarpo Segarra no está

impedido de reivindicar la participación que correspondía a Salvador Segarra como heredero de su padre Carlos Segarra en la finca ''Yaní'' que fué cedida por Salvador Segarra a su tío José Policarpo Segarra, el demandante, por título oneroso, habiendo por tanto cometido la corte inferior el error alegado por el apelante.

Es de revocarse la sentencia apelada dictándose otra por la que se declare que el demandante José Policarpo Segarra Bonilla es dueño de la participación indivisa de 505.62 4/8 pesos en la finca ''Yaní,'' descrita en la demanda, cuya participación fué adjudicada a su hermano Carlos Segarra Bonilla en la divisoria de bienes de su difunta madre Ramona Bonilla, y la posee actualmente el demandado José Santiago Martínez; y que son nulos en cuanto a esa participación los embargos, tasaciones, y ventas en pública subasta de la totalidad de dicha finca, la venta de Nereo Pirazzi a Juan José Caraballo, la hipoteca a favor de Francisco María Franceschi, la venta de Juan José Caraballo a Lorenzo Salicetti y la venta de Salicetti a José Santiago y Martínez, como igualmente las anotaciones e inscripciones que con motivo de dichos actos se hayan verificado en el registro de la propiedad, con respecto a la finca expresada, pero sólo en relación a la participación dominical que se reconoce al demandante José Policarpo Segarra, sin que haya lugar a condena especial de costas, gastos, desembolsos y honorarios de abogado.

*Revocada la sentencia apelada sin costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.